UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DARNELL ARD                                                  CIVIL ACTION

VERSUS                                                       NO. 16-16563

HHF BEECHGROVE PARTNERSHIP, LTD.                             SECTION "N" (2)
d/b/a BEECHGROVE APARTMENTS

## ORDER AND REASONS

Presently before the Court is a Motion to Remand (Rec. Doc. 12) filed by Plaintiff Darnell Ard ("Ard"), which is opposed (Rec. Doc. 17) by Defendant HHF Cypress Cove II, LLC[1] ("Cypress Cove"). Having carefully considered the parties' supporting and opposing submissions and applicable law, **IT IS ORDERED** that the motion is **DENIED** for the reasons stated herein.

### I.       BACKGROUND

The instant matter arises out of a slip and fall that allegedly occurred in an apartment owned by Cypress Cove. Ard filed a Petition for Damages on October 12, 2016 in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, seeking damages for injuries sustained due to the alleged slip and fall. *See* Rec. Doc. 1-2. Thereafter, on November 23, 2016, Cypress Cove filed a Notice of Removal in this Court, attaching the state court pleadings (Rec. Doc. 1-2), including the Petition for Damages and citation, affidavit of Alvin Johnson (Rec. Doc. 1-3), and a Certificate of Amendment (Rec. Doc. 1-4).

---

[1]       HHF Cypress Cove II, LLC was incorrectly named as HHF Beechgrove Partnership, LTD, d/b/a Beechgrove Apartments in Plaintiff's Petition for Damages. *See* Rec. Doc. 1.

Ard then filed the Motion to Remand presently before the Court, alleging that "[r]emoval of this action is improper in that Defendants have not filed a copy of all 'process, pleadings, and orders' in this state court case as required by 28 U.S.C.A. § 1446." (Rec. Doc. 12). Specifically, Ard argues that Cypress Cove failed to file a copy of an order from state court that granted "Defendant's Motion for Extension of Time." (Rec. Doc. 12-1). Therefore, Ard maintains that Cypress Cove's failure to file the state court order granting its motion for an extension of time to respond to Ard's Petition for Damages requires remand because Cypress Cove failed to comply with the strict statutory removal requirements. *Id*. Finally, Ard requests that "the Order remanding the case require payment of just costs and actual expenses, including attorney fees, incurred by Plaintiff as a result of the removal of this action." *Id*.

In opposition, Cypress Cove asserts that its failure to include a one page motion and order for extension of time in connection with the Notice of Removal is not a basis for remand. (Rec. Doc. 17). Cypress Cove argues that Ard has cited no jurisprudence supporting remand in this circumstance and alleges that the Fifth Circuit and other appellate courts have held that it is "proper to allow a party to supplement the record to add a missing pleading." *Id*. Furthermore, Cypress Cove postures that since it has supplemented the record with the missing order, there is no basis for remand. *Id*. Furthermore, with respect to Ard's request for attorney's fees, Cypress Cove argues that "28 U.S.C. § 1447(c) only allows for the imposition of 'just costs and any actual expenses, including attorney's fees, incurred as a result of the removal' in connection with an order remanding the case." *Id*. Therefore, since there is no basis for remand, there is no basis to award attorney's fees. *Id*.

## II.     LAW AND ANALYSIS

Pursuant to 28 U.S.C. § 1446(a), which governs the procedure for the removal of civil actions to federal court,

> A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

(emphasis added). Furthermore, under 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect other than jurisdictional defect "must be made within 30 days after the filing of the notice of removal under section 1446(a)."

In the instant matter, Ard argues that the case should be remanded because Cypress Cove failed to file a copy of all process, pleadings, and orders served upon such Defendant by omitting a one page motion and order granting an extension of time to file responsive pleadings. *See* Rec. Doc 12-1. The Fifth Circuit has not directly addressed the question of whether the procedural defect of failing to include a copy of all state court process, orders, and pleadings served upon a defendant is a curable procedural defect or one that provides an independent basis for remand.

However, the Fifth Circuit addressed this issue prior to the 1988 amendment of 28 U.S.C. § 1447(c). *See James J. Flanagan Shipping Corp. v. Mediterranean Shipping Co., S.A.*, 499 F.Supp.2d 710, 712 (E.D. Tex. 2007). Prior to the 1988 amendment of Section 1447(c), the statute stated that, "If at any time before final judgment it appears as if the case was removed improvidently and without jurisdiction, the district court shall remand the case." *Id.* (internal quotations omitted). "Ruling on this statute, the Fifth Circuit held that the omission of a copy of process was a mere modal or procedural defect that was completely without effect upon the removal, and that documents lacking from the original removal record may be later supplied." *Id.*

3

(citing *Covington v. Indemnity Ins. Co. of North America*, 251 F.2d 930, 933 (5th Cir. 1958)). In addition, the *James J. Flanagan Shipping Corp v. Mediterranean Shipping Co*. decision further explains that the Fifth Circuit has stated that 28 U.S.C. § 1447(c), as amended, "is merely a reconstitution of the existing statute and jurisprudence, with the addition of a strict time limitation on the filing of remand motions." *Id*. (citing *In re Medscope Marine Ltd.*, 972 F.2d 107, 109-110 (5th Cir. 1992)) (internal quotations omitted).

Thus, this Court finds that remand based on Cypress Cove's failure to include a one page motion and order from state court is not appropriate. Rather, like other district courts within the Fifth Circuit, this Court finds that allowing Cypress Cove to supplement the record in order to "cure" the procedural defect, which has already been done in the instant matter (Rec. Doc. 16-1), is the proper course of action. *See Walker v. Smith*, Civil Action No. 3:15cv911 DPG-FKB, 2016 WL 1244719, at *2-3 (S.D. Miss. Mar. 29, 2016) ("Accordingly, the Court will allow Defendants ten (10) days to file the entire state-court record as a supplement to their notice of removal and properly cure the defect in removal."); *Collura v. Succession of James Anthony Collura*, Civil Action No. 15-645-JJB-EWD, 2016 WL 4150032, at *5 (M.D. La. June 14, 2016) ("To the extent this Court finds that additional pleadings are necessary to complete the state court record, the federal rules . . . allow this Court to order additional supplementation . . . Under these circumstances, the Court declines to find Anthony's failure to attach anything more than the Petition . . . a procedural defect necessitating remand."); *Clark v. Bank of America, N.A.*, No. SA-13-CA-281-FB (HJB), 2013 WL 12126248, at *1 n.1 (W.D. Tex. July 11, 2013) ("As noted in section III, *infra*, if this document remains missing from this Court's record, its absence can be cured by further supplementation, rather than remand.").

Therefore, based on the foregoing reasons, Ard's Motion to Remand is denied. Moreover, it is unnecessary for the Court to address to issue of costs, expenses, and attorneys' fees.

### III.    CONCLUSION

Accordingly;

**IT IS ORDERED** that Plaintiff Darnell Ard's Motion to Remand (Rec. Doc. 12) is **DENIED**.

New Orleans, Louisiana, this 15th day of March 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**