UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARNELL ARD | CIVIL ACTION |
| VERSUS | NO. 16-16563 |
| HHF BEECHGROVE PARTNERSHIP, LTD | SECTION "N" (2) |

## ORDER AND REASONS ON MOTION

Plaintiff's Motion to Compel and Extend Deadlines, Record Doc. No. 23, is pending before me. Defendant filed a timely opposition memorandum. Record Doc. No. 27. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motion is GRANTED IN PART AND DENIED IN PART as follows.

The motion specifically identifies alleged deficiencies only in defendant's responses to Interrogatories Nos. 3, 4, 13, 14, 16, 17, 18, 20, 23, 24 and 25 and Requests for Production Nos. 3, 4, 7, 9 and 10. Although the motion sometimes seems to take exception with defendant's discovery responses generally, the court is able to address only those particular requests identified in the motion and not some more generalized lament.

I note initially that through its foot-dragging and dilatory conduct, defendant has waived all objections to the subject discovery requests. Failure to provide written answers to interrogatories waives all objections to the interrogatories unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4). In addition, failure to provide specific written responses to requests for production within the time period established by Fed. R.

Civ. P. 34(b) generally results in the waiver of objections to the requests. See Poulos v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992) (party "waived any objection to production by failing to object when disclosure was due"); Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 10, 12-13 (1st Cir. 1991) (objections to requests for production were waived by failure to make timely objections); McLeod, Alexander, Powell & Apffel v. Quarles, 894 F.2d 1482, 1484 (5th Cir. 1990) (vague objections lacking in specificity held invalid); In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived.").

Plaintiff served these interrogatories and requests for production on November 28, 2016. Responses and/or objections were therefore due on December 28, 2016. Fed. R. Civ. P. 33(b)(2) and 34(b)(2)(A). No written stipulation to extend this deadline was obtained. Fed. R. Civ. P. 29(b). No court order extending the deadline was obtained. Fed. R. Civ. P. 6(b). Instead, defendant delayed without cause until March 16, 2017, to provide largely deficient responses riddled with baseless objections. No attempt by defendant to establish good cause for its delay has been made. Under these circumstances, I find that defendant has waived all of its objections.

The motion is denied as to Interrogatories Nos. 3 and 4, subject to the supplementation order contained herein. The answers are sufficient, as long as they are true. Defendant is specifically warned that if these answers are inaccurate or incomplete in any way, they must be supplemented as required in Fed. R. Civ. P. 26(e)(1)(B) no later

than the deadline set herein, failing which defendant may be bound to this answer at trial by an order prohibiting it from calling as witnesses any person it should have identified in response to these interrogatories.

The motion is granted as to Interrogatories Nos. 13 and 20. The answers refer vaguely to "maintenance records" and "other records" that were either not produced or produced in bulk. These answers fail to comply with the specificity requirements of Fed. R. Civ. P. 33(d)(1). In addition, the objections asserted in response to Interrogatory No. 20 were waived and are overruled. Defendant must provide full and complete narrative answers to these interrogatories <u>and</u> specifically identify any documents setting out the subject "procedures" and maintenance requests.

The motion is granted as to Interrogatories Nos. 14, 18, 23, 24 and 25. The objections have been waived by defendant's dilatory conduct in failing to provide timely responses and/or objections. Full and complete narrative answers to these Interrogatories must be provided.

The motion is granted as to Interrogatories Nos. 16 and 17. The current answers are no answers at all. Full and complete narrative answers to these interrogatories must be provided.

In addition, I note that the copy of interrogatory answers provided to me in connection with this motion does not include the verification of interrogatory answers, sworn under oath, required by Fed. R. Civ. P. 33(b)(1)(B), (3) and (5). The required verification must be provided.

The motion is granted as to Request for Production No. 3. All objections have been waived and are overruled. Defendant must provide a new written response to this request clearly stating either that all materials responsive to this request have been produced, and actually producing all such materials, or that defendant has no responsive materials in its possession, custody or control.

The motion is granted as to Requests for Production Nos. 4, 7, 9 and 10. The current responses are no responses at all. Defendant must provide new written responses to these requests clearly stating either that all materials responsive to these requests have been produced, and actually producing all such materials, or that defendant has no responsive materials in its possession, custody or control.

All additional interrogatory answers, together with the required verification; all supplementation of responses to existing discovery requests; all written responses to requests for production; and actual production of all responsive materials ordered herein must be provided to plaintiff by defendant no later than **May 10, 2017**.

Plaintiff's motion also seeks extension of the deadlines set by the court for expert reports and completion of all discovery. Record Doc. No. 23-1 at p. 7. Deadlines set in a Rule 16 scheduling order, as in this case, Record Doc. No. 13, may be modified only upon a showing of "good cause," Fed. R. Civ. P. 16(b)(4), involving the evaluation of four factors; i.e., the explanation for the requested extension, its importance, prejudice resulting to the opposing party, and the availability of a continuance to cure the prejudice. Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Sw. Bell Tel. Co. v. City

of El Paso, 346 F.3d 541, 546 (5th Cir. 2003); S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 535 (5th Cir. 2003). In its response memorandum, defendant states that it "has no objection to the extension of any deadlines . . . ." Record Doc. No. 27 at p. 1. Defendant's own dilatory conduct in providing discovery responses constitutes good cause for plaintiff's request. Accordingly, this portion of the motion is also granted as follows.

**IT IS ORDERED** that the deadline by which (a) plaintiff must produce his expert reports is extended to **May 30, 2017**, and (b) defendant must produce its expert reports is extended to **June 13, 2017**. The deadline by which all discovery, including depositions for any purpose, is extended to **July 7, 2017**. All other previously set dates and deadlines remain unaltered.

The motion is granted as to plaintiff's request for an award of fees and costs incurred in filing this motion. The motion has been granted in substantial part and denied in minimal part. Defendant's dilatory conduct and deficient responses even when the responses were finally submitted late necessitated the filing of this motion. Under these circumstances, I find that a reasonable apportionment is that defendant and the law firm representing it should pay plaintiff 90% of all fees and costs incurred by plaintiff in connection with this motion. Fed. R. Civ. P. 37(a)(5)(C). If plaintiff seeks to recover these sanctions, he must file a new motion to fix the sanctions amount with specificity, supported by the affidavit

of his counsel and in the manner required by Local Rule 54.2, noticed for submission before me pursuant to Local Rule 7.2.

New Orleans, Louisiana, this ___26th___ day of April, 2017.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE